**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

JAMES W. MCGLOTHLIN,

      Plaintiff,

v.

KEVIN N. HENNELLY,

      Defendant.

Case No.: ___9:18-cv-00246-DCN___

**COMPLAINT (JURY DEMANDED;**
**INJUNCTIVE RELIEF SOUGHT)**

## COMPLAINT

The Plaintiff, James W. McGlothlin ("Plaintiff"), by and through his undersigned counsel, avers and would show unto this Honorable Court as follows:

1.      Plaintiff is, and was at all times relevant hereto, a founding member of The United Company ("United"), a corporation organized and existing pursuant to the laws of the Commonwealth of Virginia.

2.      Plaintiff is a private citizen.

3.      United is the parent company of Scratch Golf, LLC ("Scratch Golf"), a limited liability company organized and existing pursuant to the laws of the State of South Carolina.

4.      Defendant Kevin N. Hennelly ("Defendant" or "Hennelly") is, and was at all times relevant hereto, a citizen and resident of the State of South Carolina, and more specifically of Beaufort County, South Carolina.

5.      Plaintiff brings this action seeking damages against Defendant in a sum of $75,000.00 or more.

6.     The United States District Court for the District of South Carolina properly has jurisdiction of this matter pursuant to 28 U.S.C. §1332, and proper venue lies in the Beaufort Division.

## STATEMENT OF FACTS

7.     Scratch Golf is the owner of certain real property in Beaufort County, South Carolina, operated and commonly known as Hilton Head National Golf Course (the "Property").

8.     In or around July 2016, Scratch Golf submitted an application to Beaufort County to amend the zoning of the Property (the "Rezoning Application").

9.     In an effort to imply that Plaintiff is corrupt or may have committed crimes that constitute a felony, and in order to impugn Plaintiff's character publicly, Defendant posted an article on Facebook on May 12, 2017, which discussed the former Governor of Virginia's wife and her alleged links to United.  Along with this link, Defendant stated, "A little something the Island Packet[1] overlooked."  A copy of Defendant's Facebook post is attached hereto as *Exhibit A*, and is incorporated herein by reference.

10.     On May 14, 2017, Defendant commented on a May 12, 2017 article published by the "Island Packet," that

> "It looks like they left out a few pertinent facts.  The most glaring is the corrupt people involved.  This guy Kent was Chief of Staff to the corrupt Governor of Virginia. he has never built a swing set never mind a 300m dollar city!!!  **James Woodrow McGlothlin** gave the corrupt Governor McDonald [sic] of Virginia wife a "no show" job.  The McDonalds [sic] never reported the income, $36,000. These guys are crony capitalists and will break every rule in the book to get a government favor or handout.  Let's vote NO to zoning change and send these carpetbaggers packing.  Let's tell them loud and clear our elected officials are not for sale and are above reproach. Let's support our honest elected officials and send these crooks back to Bristol Virginia"

A copy of the article with Defendant's comments is attached hereto as *Exhibit B*.

---

[1] The "Island Packet" is a news organization and the newspaper of record for Beaufort County, South Carolina.

11.     On May 22, 2017, the Beaufort County Council denied the Rezoning Application. Thereafter, on May 23, 2017, Defendant engaged in public comment regarding the attempts by Scratch Golf to secure the rezoning of the Property, and in so doing, engaged in libelous and defamatory conduct as to Plaintiff, intentionally making and publishing false statements concerning Plaintiff, with the intent to harm his reputation, or alternatively, making and publishing such statements with reckless disregard for the truth, or negligently failing to ascertain the truth before publishing such statements, so as to lower Plaintiff's reputation in the estimation of the community and others.

12.     On May 23, 2017, Defendant once again published defamatory statements about Plaintiff in conjunction with Defendant's further ongoing social media commentary on the Rezoning Application and the Property. Defendant stated that Plaintiff is a "crooked owner[ ]" seeking a government handout, that Plaintiff engaged in "Crony Capitalism," that Plaintiff is a "crook" from Virginia, that Plaintiff, "James McGlothlin" as an owner of United, engaged in "documented corruption" and was "up to [his] eyeballs in the recent scandals in Virginia with the Governor and his wife," all of which are false and defamatory.  *See **Exhibit C*** attached hereto.

13.     Defendant made and published defamatory statements about Plaintiff by posting those statements on the World Wide Web through the Internet website www.facebook.com ("Facebook").

14.     Defendant made and published on Facebook statements about Plaintiff, including:

(1) Plaintiff is a "Crony Capitalist" and a "crook"; (2) Plaintiff gave the corrupt Governor "McDonald" [sic] of Virginia wife a "no show" job; (3) Plaintiff is a "crooked owner[]," seeking a government handout; (4) that Plaintiff, as an owner/operator of United, engaged in documented corruption, relating to a highly-publicized scandal involving the Governor of Virginia and his

3

wife.  All of these statements by Defendant are false and defamatory, and all are actionable under the laws of this State.

### FOR A FIRST CAUSE OF ACTION
**(Defamation *Per Se*)**

15.     The allegations in the previous paragraphs are re-alleged and incorporated herein by reference.

16.     Defendant published to third parties numerous false and defamatory statements about Plaintiff, as more fully described above.  Additionally, Defendant has combined a series of statements so as to imply a defamatory connection between these statements and ideas and/or has created a defamatory implication by omitting facts pertinent to a true and accurate consideration of Plaintiff's activities and behavior.

17.     Defendant's statements about Plaintiff were false and defamatory.

18.     Defendant's statements about Plaintiff took the form of an unprivileged publication by Defendant to third parties.

19.     Defendant is responsible for the publication of the defamatory statements.

20.     Defendant made the statements with actual malice or with reckless disregard for the truth.

21.     Defendant's statements are defamatory because they espouse false, misleading and/or deceptive information; they improperly juxtapose certain facts so as to imply a defamatory connection; and/or they create a defamatory implication by omitting facts.

22.     Defendant's defamatory statements are injuring Plaintiff's business and reputation in the community.  Moreover, Plaintiff has suffered injured feelings, mental suffering and anguish, and personal and public humiliation as a direct and proximate result of the Defendant's false and defamatory publications described herein.

23.     Defendant's defamatory statements are actionable *per se*, as Defendant's defamatory statements are in written format, and also charge Plaintiff with unfitness in Plaintiff's business and/or profession.

24.     Defendant's willful, wanton, and reckless behavior has damaged -- and continues to damage -- Plaintiff's business and reputation in the community.

25.     Defendant is liable to Plaintiff not only for the initial publication of his false and defamatory statements, but also for each subsequent re-publication thereof, as separate offenses.

26.     Plaintiff is entitled to a judgment against Defendant for general, actual and punitive damages in an amount to be determined at trial, for a permanent injunction prohibiting Defendant from characterizing, describing, reporting on, and/or otherwise disparaging Plaintiff or Plaintiff's business and requiring Defendant to remove any and all information and statements he has disseminated regarding Plaintiff from all sources (including the internet and social media), for the costs of this action, and for any such other and further relief to which this Honorable Court deems it entitled.

## FOR A SECOND CAUSE OF ACTION
### (Defamation *Per Quod*)

27.     The allegations in the previous paragraphs are re-alleged and incorporated herein by reference.

28.     Defendant published to third parties numerous false and defamatory statements about Plaintiff, as more fully described above.  Additionally, Defendant has combined a series of facts so as to imply a defamatory connection between them and/or has created a defamatory implication by omitting facts.

29.     Defendant's statements about Plaintiff were false and defamatory.

30.    Defendant's statements about Plaintiff took the form of an unprivileged publication by Defendant to third parties.

31.    Defendant is responsible for the publication of the defamatory statements.

32.    Defendant made the statements with actual malice or with reckless disregard for the truth.

33.    Defendant's statements are defamatory because they espouse false, misleading and/or deceptive information; they improperly juxtapose certain facts so as to imply a defamatory connection; and/or they create a defamatory implication by omitting facts.

34.    Defendant's defamatory statements have injured the Plaintiff's business and reputation in the community.  Plaintiff's injuries include, but are not limited to, a negative impact on his business reputation, his credibility and reputation in the community, and his ability to conduct his business.  Moreover, Plaintiff has suffered injured feelings, mental suffering and anguish, and personal and public humiliation as a direct and proximate result of the Defendant's false and defamatory publications described herein.

35.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, including, but not limited to, lost opportunities, diminished sales and trade relations, and harm to his goodwill associated with his ongoing business and reputation in the community. Defendant's willful, wanton, and reckless behavior has damaged -- and continues to damage -- Plaintiff's business and reputation in the community.

36.    Defendant is liable to Plaintiff not only for the initial publication of his false and defamatory statements, but also for each subsequent re-publication thereof, as separate offenses.

37.    Plaintiff is entitled to a judgment against Defendant for general, actual and punitive damages in an amount to be determined at trial, for a permanent injunction prohibiting

Defendant from characterizing, describing, reporting on, and/or otherwise disparaging Plaintiff or Plaintiff's business and requiring Defendant to remove any and all information and statements he has disseminated regarding Plaintiff from all sources (including the internet and social media), for the costs of this action, and for any such other and further relief to which this Honorable Court deems it entitled.

### FOR A THIRD CAUSE OF ACTION
### (NEGLIGENCE/GROSS NEGLIGENCE/RECKLESSNESS)

38.      The allegations in the previous paragraphs are re-alleged and incorporated by reference.

39.      Defendant owed a duty to Plaintiff to refrain from expressing unfair, dishonest, and false statements about Plaintiff.

40.      Defendant owed a duty to Plaintiff to refrain from expressing statements about Plaintiff based on false, incomplete, or otherwise inaccurate information.

41.      Defendant was careless, negligent, grossly negligent, reckless, willful, and wanton by failing to substantiate the false, unfair, and dishonest information he disseminated about Plaintiff.  Defendant's actions in these regards were the direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the dictates of ordinary prudence.

42.      As a direct and proximate result of the willful, wanton, and reckless negligence of Defendant, Plaintiff's business and reputation in the community have been injured, which has caused -- and will continue to cause -- Plaintiff to suffer damages to his business and reputation in the community.  Moreover, Plaintiff has suffered injured feelings, mental suffering and anguish, and personal and public humiliation as a direct and proximate result of the Defendant's false and defamatory publications described herein.

43.     Defendant is liable to Plaintiff not only for the initial publication of his false and defamatory statements, but also for each subsequent re-publication thereof, as separate offenses.

44.     Plaintiff is entitled to a judgment against Defendant for actual and punitive damages in an amount to be determined at trial, for a permanent injunction prohibiting Defendant from characterizing, describing, reporting on, and/or otherwise disparaging Plaintiff or Plaintiff's business and requiring Defendant to remove any and all information and statements he has disseminated regarding Plaintiff from all sources (including the internet and social media), for the costs of this action, and for any such other and further relief to which this Honorable Court deems it entitled.

## FOR A FOURTH CAUSE OF ACTION
### (Injunctive Relief)

45.     The allegations in the previous paragraphs are re-alleged and incorporated herein by reference.

46.     Defendant's false and defamatory statements made and published against Plaintiff caused harm and, if allowed to continue, will result in continued harm.

47.     Plaintiff lacks an adequate remedy at law as to ongoing and future damages and harm flowing from any other future false and defamatory statements that may be made or published by Defendant.

48.     Plaintiff seeks an Order of this Court permanently enjoining Defendant of and from making and/or publishing any other and further false defamatory and/or libelous statements as to Plaintiff and requiring Defendant to remove any and all information and statements he has disseminated regarding Plaintiff from all sources (including the internet and social media).

## PRAYER FOR RELIEF

WHEREFORE, James W. McGlothlin, as Plaintiff, prays:

A.     That judgment be made for Plaintiff and against the Defendant, Kevin N. Hennelly;

B.     That this Court award actual and punitive damages, in an amount in excess of $75,000.00, with such damages to be more fully and completely determined by the trier of fact in this matter;

C.     That this Court issue an Order permanently enjoining and prohibiting Defendant from making or publishing any other or future false, defamatory, and/or libelous statements as to Plaintiff and requiring Defendant to remove any and all information and statements he has disseminated regarding Plaintiff from all sources (including the internet and social media);

D.     That this Court award Plaintiff the costs of this action; and

E.     For such other and further relief as this Court may deem just and proper.

DATED this 30th day of January, 2018.

Respectfully submitted,

/s/ Brent B. Young
Brent B. Young
District of South Carolina Fed. ID No. 10140
R. Andrew Hutchinson
Admission *Pro Hac Vice* to be Requested
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway, Suite 200
Johnson City, Tennessee  37604
Phone:  (423) 928-0181
Fax:  (423) 979-7654
Email:  byoung@bakerdonelson.com
            dhutchinson@bakerdonelson.com

*Attorneys for James W. McGlothlin*