**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**BEAUFORT DIVISION**

| | | |
|---|---|---|
| James W. McGlothlin, | ) | Civil Action  No. 9:18-cv-00246-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| v. | ) | **DEFENDANT KEVIN N. HENNELLY'S** |
| | ) | **41(D) MOTION TO STAY** |
| Kevin N. Hennelly, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Kevin Hennelly ("Hennelly) submits the following memorandum of law in support of his Rule 41(d) motion to stay this action and be awarded his costs and fees.

**FACTUAL BACKGROUND**

This is an action for defamation and libel based on two comments allegedly made by Hennelly about Plaintiff James McGlothlin ("Plaintiff" or "McGlothlin"), on Facebook and one comment posted to the comment section of the Island Packet Newspaper in Beaufort, SC.  (See Plaintiff's Complaint).  Plaintiff, a Florida citizen, is a businessman and the founding member of The United Company, which is the parent company of Scratch Golf, LLC.  (Id. at ¶ 1 and 3) Martin L. Kent ("Kent") is the President and COO of The United Company.  Scratch Golf owns real property in Beaufort County, South Carolina, operated and commonly known as the Hilton Head National Golf Course (the Property).  (Id. at ¶ 7).  In or around July 2016, Scratch Golf submitted an application to Beaufort County to amend the zoning of the Property.  (Id. at ¶8).

On May 12, 2017, Hennelly posted a link on Facebook to an article about a corruption investigation involving then Virginia Governor Bob McDonnell and monies Gov. McDonnell's wife received as a consultant to The United Company.  (Id. at ¶ 9).   On May 14, 2017, Hennelly posted a comment in the comment section of a May 12, 2017 Island Packet news article about Scratch Golf's rezoning application.  (Id. at ¶ 10).  On May 22, 2017, the zoning application was

denied. (Id. at ¶ 11). Plaintiff does not allege that the application was denied as a result of defendant's actions.[1] On May 23, 2017, Hennelly made the second allegedly defamatory comment on Facebook, stating that plaintiff was "up to [his] eyeballs in the recent scandals in Virginia with the Governor and his wife. McGlothlin gave the Governors [sic] wife a no show job at the heart of the ethical and criminal activity." (Id. at ¶ 14). Plaintiff acknowledges that the scandal involving the Governor and his wife was highly publicized. (Id. at ¶ 14).

McGlothlin first sued Hennelly in federal court in the Middle District of Florida (Florida Complaint attached as Exhibit A). The Florida suit is virtually identical to the South Carolina suit and is based on the same material allegations. Like the South Carolina suit, the Florida suit alleges Hennelly lives in Bluffton, SC and all allegations relate to activities arising in South Carolina. McGlothlin served Hennelly with the Florida suit at Hennelly's home in Bluffton, SC, further evidencing the fact that McGlothlin knew where Hennelly resided. (See Hennelly Affidavit attached as Exhibit B).

Hennelly was forced to hire Florida counsel to defend the Florida lawsuit. (Exhibit B). Hennelly' s attempts to resolve the suit or have it voluntarily dismissed and re-filed in South Carolina were ignored by McGlothlin. (Id.) Hennelly was forced to respond to the lawsuit and filed a Rule 12(b)(2) and (3) motion to dismiss based on lack of personal jurisdiction and improper venue. (Id.) In support of his motion, Hennelly produced an affidavit which established he had virtually no connection to the state of Florida. (Hennelly's Florida affidavit attached as Exhibit C). After receiving the motion and affidavit, rather than voluntarily dismiss, McGlothlin opposed the motion. Not surprisingly, Judge John E. Steele found the Florida Long Arm Statue did not confer jurisdiction over non-resident Hennelly stating:

---

[1] Scratch Golf, LLC has sued Beaufort County in the Beaufort County, Court of Common Pleas over the denial of its application. (Civil Action No.: 2017-CP-07-02000)

"The Complaint and exhibits are devoid of any information or allegations that the defamatory statements themselves were accessed in Florida. Thus, the Court concludes that plaintiff has not met his burden nor provided sufficient evidence to support a finding of personal jurisdiction under Florida's long arm statute. As a result, the Court need not determine whether exercising personal jurisdiction over Hennelly comports with Due Process, or whether dismissal for improper venue is proper. Plaintiff will be allowed to amend his Complaint."

Judge Steele granted the motion to dismiss, but gave McGlothlin two weeks to amend his Complaint and assert new allegations that might confer personal jurisdiction over Hennelly. (Order attached as Exhibit D). Essentially admitting he never had grounds to sue Hennelly in Florida, McGlothlin voluntarily dismissed the Florida suit two weeks after Judge Steele granted the motion to dismiss. (Voluntary Dismissal attached as Exhibit E).

At the same time McGlothlin's lawyers in the Florida suit were wasting Hennelly's time and money in Florida, they also brought suit for Kent against Hennelly in Tennessee. The Tennessee suit is virtually identical to the Florida suit and the South Carolina suit, relying on the exact same allegations to assert claims for defamation and injunctive relief. (Tennessee Complaint attached as Exhibit F). As with the Florida case, Hennelly has been forced to hire Tennessee counsel to defend against another lawsuit. Hennelly has again been forced to file a Rule 12(b)(2) and (3) motion along with a supporting declaration establishing that he has no contacts with the state of Tennessee. (Hennelly's Tennessee Declaration attached as Exhibit G). As before, plaintiff's counsel has been unable to demonstrate Hennelly had any meaningful contact with Tennessee or committed a tortious act in Tennessee. In sum, plaintiff's counsel has been unable to find a single person in Florida or Tennessee who ever saw the Facebook or Island Packet posts at issue in this litigation. Hennelly's Rule 12 motion in Tennessee is pending at this time.

Hennelly is now before this Court, defending a third lawsuit with identical allegations, having been served at his home for the third time. Hennelly has incurred $15,185.36 in

3

attorneys' fees defending the Florida action as set forth in the attached affidavit of Hennelly (Exhibit B).[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:(1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Rule 41 does not explicitly permit an award of attorneys' fees. Nevertheless, courts have noted that the purpose of Rule 41(d) is "to serve as a deterrent to forum shopping and vexatious litigation." *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992); *see also Esposito v. Piatrowski,* 223 F.3d 497, 501 (7th Cir. 2000)(citing *Simeone*, 971 F.2d at 108); Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2375 (3d ed.)(citing cases). This includes attempts to "gain any tactical advantage by dismissing and refiling th[e] suit." *Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 874 (6th Cir. 2000)(citation omitted) (alteration in original). With this purpose in mind, some courts have determined that Rule 41(d) permits an award of attorneys' fees. As one court has explained, "Surely, Congress intended that that provision of the federal rules have some 'teeth.' "*Behrle v. Olshansky,* 139 F.R.D. 370, 374 (W.D. Ark. 1991).

The Fourth Circuit has established the basis for recovery of attorneys' fees under Rule 41(d) holding:

> Rule 41(d) does not provide for an award of attorneys' fees as a matter of right; instead, a district court may award attorneys' fees under this rule only where the underlying statute provides for attorneys' fees. A court may also, within its discretion, award attorneys' fees where it makes a specific finding that **the plaintiff has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons**," a well-established exception to the American Rule.

*Andrews v. America's Living Centers, LLC*,  (emphasis added) (citations omitted).

---

[2] Invoices attached to Kevin N. Hennelly's Affidavit as Exhibit A have been redacted to protect information under the attorney-client privilege and work product doctrine.

## ARGUMENT

McGlothlin filed suit against Hennelly in Florida with no basis for establishing personal jurisdiction over Hennelly.  When given two weeks to amend his Complaint and find grounds for establishing personal jurisdiction, McGlothlin acknowledged he had no basis for pursuing Hennelly in Florida and voluntarily dismissed.  At the same time, McGlothlin's legal team filed an identical suit in Tennessee on behalf of Kent which should also be dismissed for lack of personal jurisdiction.  Hennelly is now facing a third identical lawsuit in South Carolina where the Florida and Tennessee cases should have been filed from the outset.

Given the facts before the Court, at best McGlothlin was forum shopping with no basis to file in Florida or, at worst, he was using the courts to harass Hennelly and try to bury him in litigation costs, again with no basis.  Though Kent is not a party to this suit, the fact that McGlothlin and Kent are using the same law firm and identical complaints to sue Hennelly in two different states evidences vexatious intent, forum shopping, or their efforts to oppress and simply outspend Hennelly.  Rule 41(d) is designed to be a check on the type of conduct plaintiff has displayed.  Accordingly, Hennelly requests this Court stay this action and award Hennelly his attorneys' fees and stay this action until his fees are paid by McGlothlin.

## CONCLUSION

For the foregoing reasons, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court should award Hennelly the attorneys' fees he incurred defending the Florida suit and stay this action until the Defendant has complied.

5

s/ Robert H. Jordan
Robert H. Jordan (Fed ID: 06986)
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Charleston, SC  29401
(843) 727-2650
robertjordan@parkerpoe.com

ATTORNEY FOR DEFENDANT

February 15, 2018

Charleston, South Carolina

6