# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARTIN L. KENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No.: |
| | ) | (Jury Trial Requested) |
| KEVIN N. HENNELLY, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Comes the Plaintiff, Martin L. Kent ("Plaintiff" or "Kent"), by and through his undersigned counsel, and in support of his Complaint against Kevin N. Hennelly states as follows:

1.    Plaintiff is, and was at all times relevant hereto, a citizen and resident of the State of Tennessee.

2.    Plaintiff is, and was at all times relevant hereto, the President and Chief Operating Officer of The United Company ("United"), a corporation organized and existing pursuant to the laws of the Commonwealth of Virginia.

3.    Plaintiff is the former Chief of Staff to the former Governor of Virginia, Robert McDonnell.

4.    United's principal place of business, where Plaintiff works, is located in Bristol, Virginia.

5.    United is the parent company of Scratch Golf, LLC ("Scratch Golf"), a limited liability company organized and existing pursuant to the laws of the State of South Carolina.

1

6.     Defendant Kevin N. Hennelly ("Defendant" or "Hennelly") is, and was at all times relevant hereto, a citizen and resident of the State of South Carolina, and more specifically of Beaufort County, South Carolina.

7.     This action seeks damages against Defendant for a sum in excess of $75,000.00, exclusive of interest and costs.

8.     The United States District Court for the Eastern District of Tennessee properly has jurisdiction over this matter pursuant to 28 U.S.C. §1332, and venue is proper in the Northeastern Division at Greeneville.

## STATEMENT OF FACTS

9.     Scratch Golf is the owner of certain real property in Beaufort County, South Carolina, commonly known as Hilton Head National Golf Course (the "Property").

10.     In or around July 2016, Scratch Golf submitted an application for consideration for amendments to the Comprehensive Plan Future Land Use Map and the Official Zoning Map then in place in Beaufort County, South Carolina (the "Rezoning Application"). The Rezoning Application sought, on behalf of Scratch Golf, the rezoning of the Property.

11.     Pursuant to Scratch Golf's attempts to secure rezoning of the Property, there were various public meetings and other public dissemination of information relative to Scratch Golf, its owners, and its pursuit of the rezoning of the Property, including, without limitation, a meeting of the Beaufort County Council held on May 22, 2017.

12.     For reasons irrelevant hereto, the Rezoning Application of Scratch Golf was denied. Thereafter, on May 23, 2017, Defendant engaged in comment regarding the attempts by Scratch Golf to secure the rezoning of the Property, and in so doing, engaged in libelous and defamatory conduct as to Plaintiff, intentionally making and publishing false statements

2

concerning Plaintiff with the intent to harm his reputation, or alternatively, making and publishing such statements with reckless disregard for the truth, or negligently failing to ascertain the truth before publishing such statements, so as to lower Plaintiff's reputation in the estimation of the community and others.

13.    In an effort to imply that Plaintiff is corrupt or may have committed crimes that constitute a felony in order to impugn his character publicly, Defendant posted an article on Facebook on May 12, 2017, discussing the former Governor of Virginia's wife and her alleged links to United, the company currently operated by Plaintiff as President and COO, but at the time of said article Plaintiff had no legal connection to United.  Along with this link, Defendant stated, "A little something the island Packet[1] overlooked."  A copy of Defendant's Facebook post is attached hereto as **Ex. A** and is incorporated herein by reference.

14.    On May 14, 2017, Defendant commented on a May 12, 2017 article published by the Island Packet, that "[t]he most glaring is the corrupt people involved."  "This guy Kent... [is a] crony capitalist and will break every rule in the book to get a government favor or handout." Article and accompanying comment attached hereto as **Ex. B**.

15.    On May 23, 2017, Defendant made and published, via a posting on Facebook, statements that Plaintiff is a "crooked owner[ ]" seeking a government handout, that Plaintiff engaged in "Crony Capitalism," that Plaintiff is a crook from Virginia, that Plaintiff, as owner/operator of United, engaged in documented corruption and was up to his eyeballs in the recent scandals in Virginia with the Governor and his wife, all of which are false and defamatory.  A copy of Defendant's Facebook post is attached hereto as **Ex. C** and is incorporated herein by reference.

---

[1] The "Island Packet" is a news organization.

3

## FOR A FIRST CAUSE OF ACTION
### (Libel and Defamation)

16.     The allegations in paragraphs 1-15 above are realleged and incorporated herein by reference.

17.     On or about May 14, 2017 and May 23, 2017, Defendant intentionally made false and defamatory statements as to Plaintiff.   Defendant intentionally made unprivileged publication of such libelous and defamatory statements as to Plaintiff by posting such statements on Facebook, thereby making such representations to untold numbers of people and entities.  All of the statements made by Defendant were false, and said statements charge Plaintiff with the commission of crimes, of being dishonest, and with unfitness in his business or profession.

18.     Plaintiff is informed and believes that the false and defamatory statements made by Defendant were made with actual malice with the intent to harm Plaintiff's reputation in the community, and throughout the country, or, alternatively, such false and defamatory statements were made and published with reckless disregard for the truth or with negligence in failing to ascertain the truth.

19.     Plaintiff has suffered damages to his character, reputation and standing in the community as a result of Defendant's false and defamatory statements.

20.     In addition to the general damages suffered by Plaintiff, he is entitled to punitive damages against Defendant as a result of Defendant's false and defamatory statements, made with actual malice and with knowledge of the statements' falsity, or in the alternative, made with reckless disregard for the truth of such statements.

21.     Defendant is liable to Plaintiff not only for the initial publication of his libelous and defamatory statements, but also for each subsequent republication thereof, as separate offenses.

4

## FOR A SECOND CAUSE OF ACTION
### (False Light Invasion of Privacy)

22.     The allegations in paragraphs 1-21 are realleged and incorporated herein by reference.

23.     Defendant's false and defamatory statements made and published concerning Plaintiff placed Plaintiff before the public in a false light which is highly offensive to a reasonable person.

24.     Plaintiff is informed and believes that the false and defamatory statements made and published by Defendant were made with actual malice and with knowledge of the statements' falsity and of the false light in which Plaintiff would be placed, or, alternatively, such false and defamatory statements were made and published with reckless disregard as to the falsity of the statements and the false light in which Plaintiff would be placed, or made with the Defendant's negligent failure to ascertain the truth.

25.     That Plaintiff has suffered damages to his character, reputation and standing in the community as a result of Defendant's invasion of his privacy and placing him before the public in a false light.

26.     In addition to the general damages suffered by Plaintiff, he is entitled to punitive damages against Defendant as a result of Defendant's invasion of his privacy, made with actual malice and with knowledge of the statements' falsity and of the false light in which he would be placed, or in the alternative, made with reckless disregard as to the falsity of the statements and the false light in which he would be placed.

4811-9058-6961 v1
2831630-000014 10/13/2017

## FOR A THIRD CAUSE OF ACTION
### (Injunctive Relief)

27.    The allegations in paragraphs 1-26 are realleged and incorporated herein by reference.

28.    Defendant's false and defamatory statements made and published concerning Plaintiff caused Plaintiff harm and, if allowed to continue, will continue to be harmful to Plaintiff.

29.    Plaintiff lacks an adequate remedy at law as to ongoing and future damage to his reputation and harm flowing from any other and future false and defamatory statements that may be made or published by Defendant.

30.    Plaintiff seeks an Order of this Court permanently enjoining Defendant of and from making and/or publishing any other and further false and defamatory statements as to Plaintiff.

WHEREFORE, Martin L. Kent, as Plaintiff, prays that judgment be rendered in his favor against Defendant, Kevin N. Hennelly, for actual and punitive damages, in an amount in excess of $75,000.00, such damages to be more fully and completely determined by the trier of fact in this matter, for an Order of this Court permanently enjoining and prohibiting Defendant from making or publishing any other or future false and defamatory statements as to Plaintiff, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

6

DATED this 13th day of October, 2017.

Respectfully submitted,

s/ R. Andrew Hutchinson
R. Andrew Hutchinson, BPR No. 025473
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway, Suite 200
Johnson City, Tennessee  37604
Phone:  (423) 928-0181
Fax:  (423) 979-7657
Email:  dhutchinson@bakerdonelson.com

*Attorney for Plaintiff Martin L. Kent*

7