# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| James W. McGlothlin, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:18-cv-00246-DNC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Kevin N. Hennelly, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Kevin N. Hennelly's ("Hennelly") Motion to Stay Action and Award Fees, ECF No. 6. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This matter arises from an action of alleged defamation and libel brought by Florida citizen, James McGlothlin ("McGlothlin"), against Hennelly. ECF No. 1. McGlothlin is a founding member of The United Company, which is the parent company of Scratch Golf, LLC. Hennelly allegedly posted a link on Facebook to an article about a corruption investigation involving then Virginia Governor Bob McDonnell and monies Gov. McDonnell's wife received as a consultant to The United Company. Hennelly made a second allegedly defamatory comment on Facebook, stating that McGlothlin was "up to [his] eyeballs in the recent scandals in Virginia with the Governor and his wife. McGlothlin gave the Governors [sic] wife a no show job at the heart of the ethical and criminal activity." Id. at ¶ 14. Hennelly also allegedly posted about Scratch Golf LLC's rezoning application in the comment section of an Island Packet news article.

1

McGlothlin first sued Hennelly in the Middle District of Florida (the "Florida Suit"). Hennelly responded by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) and (3), based on lack of personal jurisdiction and improper venue. McGlothlin opposed this motion, and the court found that the Florida Long Arm Statute did not confer jurisdiction over non-resident Hennelly. The court granted the motion to dismiss but gave McGlothlin two weeks to amend his complaint. McGlothlin chose to voluntarily dismiss the Florida suit two weeks later.

McGlothlin filed suit in this district on January 30, 2018 based the same facts. The complaint brings causes of action for defamation and negligence/gross negligence/recklessness, and requests injunctive relief. McGlothlin asks for actual and punitive damages of an amount in excess of $75,000. McGlothlin also asks the court to enjoin Hennelly from making or publishing any other false, defamatory, and/or libelous statements as to McGlothlin, and to order him to remove all information and statements he has already disseminated.

Hennelly filed a Motion to Stay Action and Award Fees under Federal Rule of Civil Procedure 41(d) on February 15, 2018. ECF No. 6. McGlothlin filed his reply in opposition on March 16, 2018, ECF No. 10, and Hennelly responded on March 23, 2018, ECF No. 13. This matter has been fully briefed and is now ripe for the court's review.

## II. STANDARD

Under Federal Rule of Civil Procedure 41(d), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of

the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d)(1)(2).

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees– should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

### III. DISCUSSION

Hennelly argues that the court should grant his motion to stay and award fees because McGlothlin has acted in bad faith, as the Florida suit was dismissed by the court on substantive grounds and McGlothlin's legal counsel filed an identical suit in Tennessee on behalf of McGlothlin's business associate, Martin Kent ("Kent"). ECF No. 13. Hennelly contends that McGlothlin and Kent's actions are evidence of "vexatious intent, forum shopping, or their efforts to oppress and simply outspend Hennelly." ECF No. 6.

Under Rule 41(d), a defendant may obtain attorney's fees from a plaintiff "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant." The Fourth Circuit has established that, where a statute does not provide for attorney's fees, "a district court may award attorneys' fees when the opposing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Andrews v. America's Living Ctrs., LLC, 827 F.3d 306 (4th Cir. 2016) at *311 (internal quotes omitted). In Andrews, the plaintiff filed an action and was met by a motion to dismiss under 12(b)(6) for failure to state a claim. Because the plaintiff had missed the deadline for amending her complaint, she moved for a voluntary dismissal and withdrew her

3

original complaint before filing a second one in the same district. The district court granted attorney's fees under Rule 41(d). The Fourth Circuit reversed this decision, finding her behavior did not amount to vexatious litigation.

Here, McGlothlin originally filed suit in the Middle District of Florida, and Hennelly moved to dismiss based on lack of personal jurisdiction. McGlothlin refiled his claim in the District of South Carolina, which does have personal jurisdiction over Hennelly. This is not an attempt by McGlothlin to avoid dismissal of his complaint based on its merits by voluntarily dismissing and then refiling a better-worded complaint. Rather, after being told by the Florida court that he wrongly assessed the Florida court's jurisdiction over Hennelly, McGlothlin simply re-filed his case in the appropriate district. The actions in <u>Andrews</u> were much more grievous, with Andrews attempting to get a second bite at the apple. If the Fourth Circuit found that the plaintiff's actions in <u>Andrews</u> did not amount to vexatious behavior, McGlothlin's actions clearly do not warrant an award of attorney's fees under Rule 41(d).

Although the current motion for attorney's fees is brought under Rule 41(d), the court also looks to how "bad faith" has been defined in cases considering attorney's fees under Rule 54(d). When considering whether to award attorney's fees under Rule 54(d), courts have found that attorney's fees are warranted when the party has been notified by a prior court that the claim is insufficient or has no merit and files a subsequent action anyway. In <u>Zuraf v. Clearview Eye Care, Inc.</u>, 261 F.Supp.3d 637, Judge Raymond A. Jackson of the Eastern District of Virginia determined that "attorney's fees are warranted in this case because Plaintiff's counsel was on notice that the claim was insufficiently pled at the motion to dismiss stage."

4

Zuraf at *645.  Furthermore, "the continuation of litigation of claims which have become frivolous has been held to amount to 'bad faith' justifying a fee award."  Id.

Here, while McGlothlin was aware that the Florida court was planning to dismiss his action, such dismissal was due to lack of personal jurisdiction rather than the claim being legally insufficient or having no merit.  This is much different than filing a baseless claim and seeking a second bite at the apple.  Additionally, McGlothlin filed first in Florida because he believed that the Florida Long Arm Statute allowed him to do so because he was a Florida resident and Facebook was accessible in Florida at the time the statements were made.  Though the plaintiff could not prove the veracity of his claims, at the time of the complaint he stated he believed the comments had been accessed in Florida.  ECF 6–2, ¶12.  While ultimately incorrect, this was a reasonable basis upon which to bring suit in Florida and thus does not amount to a bad faith attempt.  See also Noffz v. Austin Maintenance & Construction, Inc., WL 4385872 (2016) (finding the claim had a good faith basis and was not vexatious, leaving no grounds for attorney's fees).  With this refiling, McGlothlin has not "vexatiously multiplied litigation" by filing multiple suits around the country; rather, he simply re-filed in order to move to the correct district.  Thus, the court finds that his conduct does not warrant attorney's fees under Rule 41(d).

## IV. CONCLUSION

Based on the above, the court **DENIES** the motion to award fees.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**July 24, 2018
Charleston, South Carolina**